**FILED**
**May 23, 2019**
**08:22 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| Althea Myers, | ) | **Docket No. 2018-06-1243** |
| **Employee,** | ) | |
| v. | ) | **State File No. 43894-2018** |
| **Tyson Foods, Inc.,** | ) | |
| **Self-insured Employer.** | ) | **Judge Dale Tipps** |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court on Tyson Foods, Inc.'s Motion for Summary Judgment. The issue is whether Tyson is entitled to summary judgment on grounds that Ms. Myers's injury did not arise primarily out and in the course and scope of her employment, an essential element of her claim. For the reasons below, the Court grants Tyson's motion.

### Procedural History

Ms. Myers alleged she suffered a work-related injury to her right knee on April 5, 2018. Tyson denied the claim, and Ms. Myers filed a Petition for Benefit Determination seeking medical benefits.

Following an expedited hearing, the Court found that Ms. Myers was not likely to establish at a hearing on the merits that her knee symptoms arose primarily out of her employment. However, it ordered Tyson to authorize an appointment with Dr. David Moore, whom Ms. Myers had selected from a panel. Dr. Moore declined to see Ms. Myers as a patient, so she selected Dr. Damon Petty as her authorized physician.

After Dr. Petty examined Ms. Myers, Tyson filed this Motion for Summary Judgment. Ms. Myers filed no response but participated in the telephonic hearing on May 21, 2019.

**Facts**

Tyson filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Because Ms. Myers failed to file a response to the statement, the Court deems them admitted and summarizes them as follows:

1. Ms. Myers did not sustain an injury to her right knee that arose primarily out of and in the course and scope of employment on April 5, 2018.
2. Ms. Myers's knee pain is due to patellofemoral arthritis.
3. The April 5, 2018 incident at work did not contribute more than fifty percent in causing the need for medical treatment.

Based on these facts, Tyson argued the Court should grant summary judgment because it affirmatively negated an essential element of Ms. Myers's claim – that her injury was primarily caused by a workplace fall – *and* that the facts are insufficient for Ms. Myers to prove this element.

Although Ms. Myers filed no response, she participated in the hearing. She stated she could not understand how she could fall and have arthritis in her knee without these two facts being related.

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

As the moving party, Tyson must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the Ms. Myers's claim, or (2) demonstrate that Ms. Myers's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Tyson is successful in meeting this burden, Ms. Myers must then establish that the record contains specific facts upon which the Court could rule in her favor. *Rye*, at 265.

The essential element at issue in this case is that Ms. Myers must demonstrate that she suffered "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." Tenn. Code Ann. § 50-6-102(14).

The undisputed facts, derived from Dr. Petty's affidavit, are that Ms. Myers suffers from arthritis that did not arise primarily out of and in the course and scope of her employment. Thus, Tyson has met its burden of negating an essential element of the

claim.  This means Ms. Myers must show that the record contains specific facts upon which the Court could find in her favor.

As noted above, Ms. Myers filed no response to the Statement of Undisputed Facts, provided no additional evidence, and made no citations to the record to refute the facts put forward by Tyson.  Ms. Myers's belief that there must be some connection between her arthritis and her workplace fall is understandable.  However, the law does not allow the Court to assume the existence of medical causation or substitute the Court's judgment for Dr. Petty's professional medical opinion.  In the absence of actual evidence, Ms. Myers's conjecture is insufficient to establish that her condition arose primarily out of her employment.

Ms. Myers's evidence is therefore insufficient to establish an essential element of her claim, and the Court must hold that Tyson is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Tyson's Motion for Summary Judgment is granted, and Ms. Myers's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Tyson Foods, Inc. under Tennessee Compilation Rules and Regulations 0800-02-21-.07 payable to the Clerk within five days of this order becoming final.

4. Tyson shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED May 23rd, 2019.**

_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to the following recipients by these methods of service on May 23rd, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Althea Myers, Self-Represented Employee | X | | X | 808 Hillmore Dr., Nashville TN 37218 thea63myers@gmail.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____ day of_____ , 20___ .

[Signature of appellant or attorney for appellant]    _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address: http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____